IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § | 2:21-CR-045-Z |
| DOSHON LEE JOHNSON (05)<br>  a/k/a "Nolia Boy Tat"<br>CHANDLER GEVEON SMITH (08)<br>  a/k/a "Lil Chan"<br>DAVONTA TRAVEIL CARTER (09) | § § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND DETENTION ORDER**

Before the Court is the Government's Motion for Revocation of Order Denying Government's Motion for Pretrial Detention ("Motion"). ECF No. 155. Having considered the Motion, Defendants' Responses, the testimony of witnesses, the arguments of counsel, and the factors listed in 18 U.S.C. § 3142(g), the Court FINDS the Government's Motion should be GRANTED.

**BACKGROUND**

On June 9, 2021, a Federal Grand Jury indicted Defendants Doshon Lee Johnson, Chandler Geveon Smith, and Davonta Traveil Carter with one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, an offense carrying a statutory maximum penalty of up to 40 years imprisonment. ECF No. 49. The Indictment also charged Defendant Johnson with two counts of Distribution and Possession with Intent to Distribute Psilocin, and Defendant Carter with Possession with Intent to Distribute Marihuana. *Id.* These charges stem from Defendants' alleged involvement with the Hogg Life drug trafficking organization in the Amarillo, Texas, area.

1

The Government moved to detain Defendants pending trial. ECF Nos. 66, 68, and 69. During a multi-day detention hearing, the Government presented (1) the testimony of Amarillo Police Department Narcotics Unit Agent Bryan Bacon regarding the charges against Defendants Johnson, Smith, and Carter; and (2) twenty-seven exhibits. *See* ECF Nos. 150 and 151. *See* ECF No. 155-2. Counsel for Defendants Smith and Carter made proffers on behalf of their Defendants. Defendant Johnson presented the testimony of his sister. All three Defendants had opportunities to cross-examine Agent Bacon and object to exhibits. ECF Nos. 150 and 151.

The United States Magistrate Judge denied the Government's Motions and ordered Defendants released on conditions. The Government moved to stay the Magistrate Judge's Orders Setting Conditions of Release in order to file a Motion for Revocation. This Court granted the stay (ECF No. 143), and on July 13, 2021, the Government filed a Motion for Revocation. ECF No. 155.

Defendant Johnson filed a Response to the Government's Motion for Revocation, stating he does not oppose detention pending trial. ECF No. 158. Defendants Carter and Smith filed Responses opposing the Government's Motion, and asking the Court to leave the Magistrate Judge's Order Setting Conditions in place. ECF Nos. 159 and 161.

**LEGAL STANDARD**

When a Magistrate Judge orders a Defendant released on conditions, the Government may file motion for revocation of the order with the District Court. 18 U.S.C. § 3145(b). The District Court reviews the Magistrate Judge's order *de novo* and "makes an independent determination of the proper pretrial detention or conditions for release" pursuant to the procedures set forth in 18 U.S.C. § 3142. *U.S. v. Fortna*, 769 F.2d 243, 249 (5th Cir.1987).

Under the Bail Reform Act of 1984, a judicial officer shall order a criminal defendant be released or detained pending trial. 18 U.S.C. § 3141(a). Title 18, United States Code, Section 3142 contains the procedures for determining whether a specific defendant should be released or detained. *See U.S. v. Trosper*, 809 F.2d 1107, 1108 (5th Cir. 1987). Section 3142(e) requires a judicial officer to determine whether "any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." For pretrial detention to be imposed on a defendant, "the lack of reasonable assurance of *either* the Defendant's appearance, *or* the safety of others or the community, is sufficient; *both are not required*." *U.S. v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992) (italics added). "Assurance of trial presence must be proven by the preponderance of evidence and assurance of community safety by clear and convincing evidence." *U.S. v. Jackson*, 845 F.2d 1262, 1264 n.3 (5th Cir. 1988).

In cases involving "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) ("CSA")," the judicial officer must hold a hearing upon motion of the Government to determine "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(1)(C). "At the hearing, the rules governing admissibility of evidence do not apply to the presentation and consideration of information." *See U.S. v. Ling*, No. 4:21-MJ-00336, 2021 WL 2127186, at *2 (N.D. Tex. May 24, 2021) (Pittman, J.) (internal citations omitted).

Under the statute, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" upon a finding of probable cause to believe the Defendant committed an offense subject to a maximum term of imprisonment of ten years or more under the

CSA. 18 U.S.C. § 3142(e)(3)(A). Such probable cause exists where a Grand Jury charges Defendants in an indictment. *See Trosper*, 809 F.2d at 1110.

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion." *U.S. v. Villarrutia*, 850 Fed.Appx. 330, 331 (5th Cir. 2021) (citing *U.S. v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). However, the mere production of evidence does not "completely rebut the presumption." *Hare*, 873 F.3d at 798. "The Court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Id.* at 798-99. "The risk of continued narcotics trafficking on bail constitutes risk to the community under the Bail Reform Act." *Id.* at 798. As the Fifth Circuit has explained, the Bail Reform Act creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Id.*

Regardless of whether Defendant presents evidence sufficient to rebut the presumption, the judicial officer still must apply the factors enumerated in 18 U.S.C. 3142(g) to the facts of the case to determine whether the Government has met its burden of persuasion. 18 U.S.C. § 3142(g). These include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, (4) the nature and seriousness of the danger to any person or community that would be posed by the defendant's release. *Jackson*, 845 F.2d at 1265.

ANALYSIS

In its Motion, the Government concedes the Defendants are not flight risks, but asserts none of the three rebutted the presumption of danger at the detention hearing. In response, Defendants Smith and Carter assert they presented evidence tending to rebut the presumption of danger and, even if they had not, that the 3142(g) factors favor release pending trial in this case. Defendant Johnson filed a Response stating he does not oppose revocation of the Magistrate Judge's order or detention pending trial.[1]

### A. 3142(e)'s rebuttable presumption applies to all three Defendants, but has been rebutted.

A Grand Jury charged Defendants Johnson, Smith, and Carter with one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. ECF No. 49. Under the CSA, Defendants face a maximum penalty of 40 years imprisonment. 21 U.S.C. § 846.

The Indictment, itself, provides probable cause to believe Defendants committed the charged offense. *See Trosper*, 809 F.2d at 1110 ("[T]he presumption against pretrial release arises when drug crimes [under the Controlled Substances Act] are charged in the indictment."). The testimony of APD Narcotics Agent Bryan Bacon as to each of the three Defendants also supports the findings of probable cause. *See Fortna*, 769 F.2d at 252 (finding probable cause while relying in part on the affidavit of an investigating agent). As a result, the presumption applies under Section 3142(e)(3)(A), which required Defendants Johnson, Smith, and Carter to present evidence "tending to rebut the presumption." *Id.* at 251.

The Fifth Circuit has repeatedly held that rebutting the presumption does not shift the burden of persuasion to the Defendant. Defendants need only produce evidence "tending to rebut"

---

[1] The Court groups its analysis for all three Defendants for the sake of expediency, but reviewed the record and made its determinations on detention for each Defendant individually.

5

the inference that they are flight risks and dangers to the community. *See e.g. Hare*, 873 F.2d at 799 (holding magistrate erred in finding Defendant had not rebutted the presumption of flight risk after Defendant had come forward with competent rebuttal evidence).

### 1. Flight Risk

Here, with respect to flight risk, the Government conceded during the detention hearing and in its Motion that each of the three Defendants has substantial ties to the Northern District of Texas, and none of the three represents a flight risk prior to trial. *See* ECF No 151 at 10, 13 (reflecting the Government's concession during the hearing that Defendants Smith and Carter are not flight risks); *see also* ECF No. 155 at 11-12 (conceding the same as to all three Defendants). The Government's concessions, in addition to the evidence presented during the hearing and summarized in Defendants' Responses, is sufficient to rebut the presumption that Defendants Johnson, Smith, and Carter present a substantial flight risk. Accordingly, the Court FINDS Defendants have rebutted the presumption that no combination of conditions can reasonably assure their appearance at trial. *See Fortna*, 769 F.2d at 251. However, the presumption remains a factor to be considered in the Court's analysis of the Section 3142(g) factors. *Id.*

### 2. Danger to the Community

Defendants have also rebutted the presumption that they represent a danger to the public. Although he does not contest the Government's Motion, Defendant Johnson presented evidence during the detention hearing that he has no criminal history prior to his arrest for the instant offense, he has an opportunity for lawful employment at a nursing home, and that at least two persons are willing to act as custodians and ensure he complies with conditions of release. ECF No. 151 at 34 – 39. Further, the Government does not allege Defendant Johnson possessed firearms in

furtherance of the alleged narcotics trafficking. *Id.* at 51 ("There were no guns found connected to him that I've heard about"); *see also* ECF No. 155.

Defendant Smith presented evidence that he has no criminal convictions other than minor traffic citations. ECF No. 99-1 at 4. He has also been continuously employed in the Amarillo Division since 2012. *Id.* at 2. Finally, Defendant has numerous family members in the Amarillo division who could act as custodians and ensure he complies with conditions of pretrial release. *Id.* at 1; ECF No. 150 at 86 – 87.

Defendant Carter also presented evidence that he has no criminal history aside from a single arrest in October 2020, and that he has held employment in the past. ECF No. 90-1 at 4. Further, Defendant Carter has numerous family members in the Northern District of Texas — including his wife— who could act as custodians and ensure he complies with conditions of release. ECF No. 150 at 98; *see also* ECF No. 151 at 4 - 5.

This evidence is sufficient to meet Defendant Johnson, Smith, and Carter's burdens of production to rebut the presumption that they represent a danger to the public. The presumption, however, remains a factor to be considered in the Court's analysis the Section 3142(g) factors. *See Fortna*, 769 F.2d 251.

### B. However, Application of the 3142(g) factors confirms that Johnson, Smith, and Carter should be detained pending trial.

Having determined that Defendants Johnson, Smith, and Carter have rebutted the presumption as to flight risk and danger to the community, the Court must consider the facts in light of the factors listed at Section 3142(g) to determine whether the Government has met its burden of persuasion on detention. Based on its analysis of the relevant facts and factors, the Court FINDS the Government has proved by clear and convincing evidence that no conditions or combination of conditions could reasonably assure the safety of the community.

*1. The Nature and Circumstances of the Offense*

The nature and circumstances of the instant offense are serious, and weigh heavily in favor of detention for all three Defendants.

First, the Indictment, combined with the testimony of Agent Bacon, provides probable cause to believe Defendants participated in a dangerous drug trafficking conspiracy. ECF No. 49. Defendants face up to 40 years in prison if convicted on Count One of the Indictment. *See U.S. v. Almasri*, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2007) (holding the severity of potential sentences weighs in favor of detention). The Government presented evidence that the Hogg Life Crips gang advertised marijuana, psilocybin mushrooms, and other dangerous narcotics on Snapchat—a social media application popular with middle-school and high-school-aged children. ECF No. 155-2, Government's Exhibits 1-2, 6-9, and 27. This evidence is consistent with Agent Bacon's testimony during the hearing that the group *at least* intended to sell controlled substances to children. ECF No. 150 at 13. While Defendant's alleged association with the Hogg Life Crips is not clear and convincing evidence of dangerousness on its own, it does weigh in favor of such a finding.

Second, the Government also presented substantial evidence that Defendants Johnson, Smith, and Carter are *individually* dangerous, regardless of their role in the larger drug trafficking organization.

a. Defendant Doshon Lee Johnson

Agent Bacon testified that he purchased magic mushrooms from Defendant Johnson on May 14, 2020, after negotiating the price over Snapchat. ECF No. 151 at 29. Defendant Johnson also posted photographs on various social media accounts holding bulk U.S. currency—indicating that he has sold a large quantity of narcotics. ECF No. 155-2. Government's Exhibits 2, 6-9, and

8

27. Other photographs reveal Defendant flashing gang signs for the Hogg Life Crips, and advertising his "No Boof" brand of marijuana products. *Id.* In addition to the narcotics sales and social media posts, Agent Bacon testified that a search of Defendant Johnson's home revealed 10 grams of marijuana, plastic baggies, "No Boof" paraphernalia, and packaging materials—items consistent with the distribution of controlled substances. ECF No. 151 at 31.

### b. Defendant Chandler Geveon Smith

Agent Bacon testified that Defendant Smith received sixty parcels containing approximately 298 pounds of bulk marijuana and THC products between his two residences. ECF No. 150 at 26. He also testified that a search of Defendant Smith's home revealed "No Boof" paraphernalia, digital scales, and packaging bags—indicating Defendant was dividing and distributing bulk quantities of narcotics. *Id.* at 28. During the search, agents located two loaded firearms located in close proximity to THC edibles and drug paraphernalia. *Id.* at 28-29. The Fifth Circuit has labeled the combination of narcotics and firearms "drug trafficking tools-of-the-trade." *See U.S. v. Huerta*, 994 F.3d 711, 714-15 (5th Cir. 2021) (quoting *United States v. Zapata Lara*, 615 F.3d 388, 390 (5th Cir. 2010)).

### c. Defendant Devonta Traveil Carter

Agent Bacon testified that Officers surveilled and stopped Defendant Carter in his vehicle on October 1, 2020. ECF No. 150 at 29. A search of the vehicle revealed bulk cash, bulk marijuana, and various THC products. ECF No. 150 at 30. During an interview with law enforcement following the stop, Defendant Carter admitted to purchasing and selling bulk marijuana in in Plainview, Texas, for four years and earning $160,000 in profit during that period. *Id.* According to Agent Bacon, law enforcement arrested Defendant at his residence in June 2021. *Id.* During a search of the residence, agents located bulk cash, bulk marijuana, and paraphernalia consistent

9

with the distribution of controlled substances. *Id.* at 31. Agents also found a loaded .380 firearm in close proximity to drug proceeds, making it a "tool-of the trade." *See e.g. Huerta*, 994 F.3d at 714-15.

In sum, the Government presented evidence that Defendants Johnson and Smith were affiliated with a drug trafficking organization and used Snapchat to market and sell large quantities of dangerous narcotics into the community—possibly even targeting children and teenagers. The Government presented additional evidence that Defendants Smith and Carter possessed firearms in furtherance of drug trafficking. The evidence as to each Defendant is sufficient to establish that he is dangerous to the community beyond the risk already established by the seriousness of the charged offense. As a result, this factor weighs in favor of detention. *See Hare*, 873 F.2d at 798-99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.")

### 2. The Weight of Evidence Against the Defendant

The Court must also consider the weight of the evidence against Defendants, though this factor is "of the least importance in the detention determination." *See U.S. v. Lopez,* 2021 WL 40308, at *4 (E.D. Tex. Jan. 5, 2021) (internal citations omitted).

Here, the Government presented strong evidence against all three Defendants. As explained above, Agent Bacon testified officers arrested Defendants Johnson, Smith, and Carter in possession of narcotics and drug paraphernalia consistent with large-scale trafficking. The Government also presented multiple exhibits indicating Defendants Johnson and Smith used social media to distribute narcotics, and testimony that Defendants Smith and Carter were arrested in possession of firearms. Though the second factor is the least important, significant evidence against each Defendant weighs in favor of detention.

*3. The History and Characteristics of the Defendant*

The Court must also consider the history and characteristics of each Defendant, focusing on "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3). The evidence on this factor before the Court is mixed, but weighs slightly in favor of detention.

In mitigation, none of the Defendants before the Court have significant criminal histories and all three have significant family ties to the Northern District of Texas. Defendant Johnson's Pretrial Services report indicates he has no arrests or convictions on his record. ECF No. 98-1 at 4. Defendant Smith's report reveals multiple traffic offenses and one arrest for Assault Causing Bodily Injury that did not result in a conviction. ECF No. 99-1 at 4. Further, Defendant Smith has maintained steady employment and has a three-month-old daughter with his girlfriend, who lives in the Amarillo area. *Id.* at 1. Defendant Carter has a single arrest on his record, which is related to the instant offense. ECF No. 90-1 at 4. He has lived in Plainview, Texas, for 13 years and has three children with his wife. *Id.* at 1.

However, the Government presented substantial evidence as to all three Defendants that their lack of arrests or convictions belies their long histories of criminal activity.

During the detention hearing, Agent Bacon testified Defendants Johnson and Smith are active members of the Hogg Life drug trafficking organization, an affiliate of the dangerous Crips gang. The Government also presented photographs showing Johnson and Smith in possession of illegal narcotics and large amounts of bulk cash. ECF No. 155-2. Agent Bacon also testified that Defendant Smith has received approximately 300 pounds of controlled substances at his

11

residences, which indicates he has been selling large amounts of marijuana for a long time. ECF No. 150 at 26. Further, the Court agrees with the Government that the amount of U.S. Currency displayed in Government's Exhibit 1 indicates Johnson had been selling narcotics for an extended period of time. ECF No. 155 at 13. For these reasons, as well as for the reasons stated in the Government's Motion, the Court FINDS the government proved Defendants Johnson and Smith's personal histories and characteristics weigh in favor of detention.

Defendant Carter admitted to law enforcement that he sold marijuana in the Plainview-area for the four years prior to his arrest. Agent Bacon testified Defendant Carter claimed to have made $160,000 in profit from selling drugs, and his Pretrial Services report reflects he has no source of legitimate income. ECF No. 90-1 at 2. He also admitted to the Probation Officer that he uses marijuana daily. *Id.* at 3. The length of Defendant Carter's drug-trafficking activity and the evidence that drug dealing is his only source of income weigh in favor of detention.

*4. The Nature and Seriousness of the Danger Posed by Defendant*

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Here, the allegations and evidence against Defendants are serious, and narcotics trafficking poses a significant danger to the community. *See Hare*, 873 F.2d at 798-99. As a result, the final factor weighs in favor of detention for all three Defendants.

As previously stated, the Government presented evidence and testimony that Defendants Johnson and Smith are members of a dangerous drug trafficking organization affiliated with the Crips gang. Based on the testimony of Agent Bacon, the Court ascertains the Hogg Life group, of which they are members, may have been using social media to sell dangerous narcotics to children. Further, a search of Defendant Smith's home revealed two loaded firearms in proximity to drug

paraphernalia, which the Government alleges he used as "tools-of-the-trade" in his drug distribution activities. Defendants' family ties to the Amarillo-area did not prevent them from criminal activity prior to the instant offense. In light of this evidence, the Court FINDS the Defendants present a special danger to the community, regardless of any conditions or combination of conditions the Court could impose.

Regarding Defendant Carter, the Government presented evidence and testimony that (1) he has trafficked narcotics for four years; (2) trafficking narcotics is his primary source of income; and (3) he used firearms as "drug trafficking tools-of-the-trade." Further, his ties to the Plainview-area and his family ties did not prevent him from selling narcotics in the past. In light of this evidence, the Court FINDS Defendant Carter presents a special danger to the community, regardless of any conditions or combination of conditions the Court could impose.

Having applied the factors listed at § 3142(g) to the Government's evidence against each Defendant, the Court FINDS the Government has proved by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of the community." *See* 18 U.S.C. § 3142(e). Here, the nature of the charged offense, the strength of the Government's evidence, the history and characteristics of the Defendants, and the nature and seriousness of the danger posed by the Defendants all weigh in favor of detention. The Fifth Circuit has held the lack of reasonable assurance of *either* the Defendant's appearance, *or* the safety of others or the community, is sufficient to impose pretrial detention. *Reuben*, 974 F.2d 580, 586.

CONCLUSION

For these reasons, the Court GRANTS the Government's Motion. (ECF No.155). The Magistrate Judge's Orders Granting Release on Conditions are REVOKED. ECF Nos. 137, 138, and 139. Defendants Johnson, Smith, and Carter are hereby committed to the custody of the Attorney General, or his designated representative, to be detained pending trial.

**SO ORDERED.**

July 29, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE